Filing # 72521038 E-Filed 05/22/2018 04:30:11 PM

IN THE CIRCUIT COURT, THIRD JUDICIAL CIRCUIT, IN AND FOR COLUMBIA COUNTY, FLORIDA

CASE NO.: 18-189 CA

JAMES O. WEEKS

    Plaintiffs,

v.

DAVOL, INC. and C. R. BARD, INC.
    Defendants.

_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, JAMES O. WEEKS, by and through the undersigned attorney, Jonathan Rotstein, Esquire, and hereby sues Defendants, DAVOL, INC., a New Jersey Corporation and C.R. Bard, Inc., a New Jersey Corporation and in support thereof states and alleges as follows:

### FACTS

1. This is an action for money damages exceeding Fifteen Thousand Dollars ($15,000.00).

2. That the Plaintiff, JAMES O. WEEKS, was at all times material hereto, a citizen and resident of the State of Florida.

3. Defendant, DAVOL, INC. is a foreign corporation, authorized by the Secretary of State to conduct business in the State of Florida, in this instance in Columbia County, Florida, as the product manufactured by Defendant, on the date of the incident which is the subject matter of this complaint, was being sold and used in Columbia County, Florida.

1

4. Defendant, DAVOL, INC. is a foreign corporation, authorized by the Secretary of State to conduct business in the State of Florida, in this instance in Columbia County, Florida, as the product manufactured by Defendant, on the date of the incident which is the subject matter of this complaint, was being sold and used in Columbia County, Florida.

5. At all times material hereto, the Defendant, DAVOL, INC. designed, manufactured and distributed a product known as Bard Ventralex 4.3 Hernia Patch, Lot ███████ Serial Number ███████, and on information and belief, said entity did business in the State of Florida, and developed, manufactured, distributed and sold said product in the County of Columbia, State of Florida.

6. At all times material hereto, the Defendant, C. R. BARD, INC. branded under the trade name Bard, is multinational developer, manufacturer and marketer of medical technologies in the fields of vascular, urology, oncology and surgical specialties, designed, manufactured and distributed a product known as Bard Ventralex 4.3 Hernia Patch, Lot ███████, Serial Number ███████, and on information and belief, said entity did business in the State of Florida, and developed, manufactured, distributed and sold said product in the County of Columbia, State of Florida.

7. Upon information and belief, the Plaintiff, JAMES O. WEEKS, herein alleges the Defendant, DAVOL, INC. has transacted business in the State of Florida during the relevant time periods, including, but not limited to sales, delivery, promotion and/or distribution of Bard Ventralex 4.3 cm mesh individually.

8. Upon information and belief, the Plaintiff, JAMES O. WEEKS, herein alleges the Defendant, C. R. BARD, INC. has transacted business in the State of Florida during the

2

relevant time periods, including, but not limited to sales, delivery, promotion and/or distribution of Bard Ventralex 4.3 cm mesh individually.

9. This Honorable Court has jurisdiction over this lawsuit in that there is diversity between the Plaintiff and the Defendants, the injuries complained of occurred in Columbia County, Florida, and that this action is for money damages for the Plaintiff, JAMES O. WEEKS, that exceed Fifteen Thousand Dollars ($15,000.00) against Defendants, DAVOL, INC. and C. R. BARD, INC.

10. That on or about August 8, 2017, Plaintiff underwent open umbilical hernia repair in which a Bard Ventralex 4.3 cm Hernia Patch, Lot ███████, Serial Number ███████ was used, which was manufactured by Defendant, DAVOL, INC. (A copy of the Surgical Case Record page from said surgery is attached hereto as "Exhibit A")

11. That on or about August 8, 2017, Plaintiff underwent open umbilical hernia repair in which a Bard Ventralex 4.3 cm Hernia Patch, Lot ███████, Serial Number ███████ was used, which was manufactured by Defendant, C. R. BARD, INC. (A copy of the Surgical Case Record page from said surgery is attached hereto as "Exhibit A").

12. The Bard Ventralex 4.3 cm Hernia Patch, Lot ███████, Serial Number ███████ is a bilayer construction of a self-expanding patch containing two layers of polypropylene mesh stitched with polytetrafluorethylene monofilament to an expanded polytetrafluoroethylene sheet.

13. The Bard Ventralex 4.3 cm Hernia Patch, Lot ███████, Serial Number ███████ was actually made of materials which are biologically incompatible with human tissue and react negatively and sometimes dangerously with a large number of those on whom it is

3

used. Defendants knew or should have known that their produce was unreasonably harmful and defective.

14. That subsequent to the surgery of August 8, 2017, Plaintiff began to have fatigue, severe abdominal pain, loss of appetite and vomiting. Plaintiff has been advised that the Bard Ventralex 4.3 cm mesh is not adhering and a revision surgery is necessary.

## COUNT I

## NEGLIGENT MANUFACTURE AGAINST DAVOL, INC.

15. Plaintiff adopts and re-alleges paragraphs 1 through 14.

16. Defendant, DAVOL, INC. had a duty to properly manufacture the Bard Ventralex 4.3 cm Hernia Patch, Lot ▮▮▮▮, Serial Number ▮▮▮▮.

17. Defendant, DAVOL, INC. was negligent as follows:

a. Failure to use reasonable care which resulted in manufacture and distribution of an unsafe and/or defective product.

b. Failure to disclose the known risks and failed to warn of known or scientifically known dangers and risk associated with the Bard Ventralex mesh.

c. Failure to design, manufacture, distribute, sell and/or supply a safe, effective and reliable medical devise as marketed by the Defendant.

d. Knowingly, willing and with the full intent to conceal, did conceal their awareness that the material that the Bard Ventralex is constructed off was not suitable for human implantation.

4

e.  Failure to use reasonable care in manufacture of its product to eliminate unreasonable risk of foreseeable injury, replacement risk of foreseeable injury, replacement and additional surgery.

f.  Failure to properly manufacture the product according to its intended use.

18. As a direct and proximate result of the negligence on the part of Defendant, DAVOL, INC., Plaintiff, JAMES O. WEEKS suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization and medical and nursing care and treatment.

19. Plaintiff's losses are either permanent or continuing and will continue in the future.

Wherefore, Plaintiff, JAMES O. WEEKS, demands judgment for damages, costs and interest as permitted by law.

## COUNT TWO

## STRICT LIABILITY IN THE MANUFACTURE AGAINST DAVOL, INC.

20. Plaintiff adopts and re-alleges paragraphs 1 through 14.

21. The Bard Ventralex 4.3 cm Hernia Patch, Lot ▇▇▇▇▇▇, Serial Number ▇▇▇▇▇▇ described herein is a manufactured product.

22. Defendant, DAVOL, INC. was the manufacturer and distributer of the Bard Ventralex 4.3 cm Hernia Patch, Lot ▇▇▇▇▇▇, Serial Number ▇▇▇▇▇▇ placed inside the Plaintiff's body.

5

22. The Bard Ventralex 4.3 cm Hernia Patch, Lot ▇▇▇▇, Serial Number ▇▇▇▇ was defective in manufacture for its prescribed and intended use as it failed to repair the hernia and will result in additional surgeries to Plaintiff

23. Such defect was not reasonably noticeable to the user so as to warrant avoidance of use.

24. The Bard Ventralex 4.3 cm Hernia Patch, Lot ▇▇▇▇, Serial Number ▇▇▇▇ placed in Plaintiff's body was defective and unreasonably dangerous condition at the time as the product is made out of materials which are biologically incompatible with human tissue and react negatively which caused Plaintiff to have acute pain and undergo additional surgeries.

25. As a direct and proximate result of the defective and unreasonably dangerous condition of the Bard Ventralex 4.3 cm Hernia Patch, Lot ▇▇▇▇, Serial Number ▇▇▇▇ did not work properly in that the product which is biologically incompatible with human tissue, failed to adhere, causing injuries, additional invasive surgery, pain and damages to the Plaintiff.

26. As a direct and proximate result of the defective and unreasonably dangerous condition of the Bard Ventralex 4.3 cm Hernia Patch, Lot ▇▇▇▇, Serial Number ▇▇▇▇, the Plaintiff suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization, medical and nursing care and treatment.

Wherefore, Plaintiff, JAMES O. WEEKS, demands judgment against the Defendant, DAVOL, INC. for damages, costs and interest as permitted by law.

## COUNT 3

## NEGLIGENT MANUFACTURE AGAINST C. R. BARD, INC.

27. Plaintiff adopts and re-alleges paragraphs 1 through 14.

28. Defendant, C. R. BARD, INC. had a duty to properly manufacture the Bard Ventralex 4.3 cm Hernia Patch, Lot ▉▉▉▉▉ Serial Number ▉▉▉▉.

29. Defendant, C. R. BARD, INC. was negligent as follows:

a. Failure to use reasonable care which resulted in manufacture and distribution of an unsafe and/or defective product.

b. Failure to disclose the known risks and failed to warn of known or scientifically known dangers and risk associated with the Bard Ventralex mesh.

c. Failure to design, manufacture, distribute, sell and/or supply a safe, effective and reliable medical devise as marketed by the Defendant.

d. Knowingly, willing and with the full intent to conceal, did conceal their awareness that the material that the Bard Ventralex is constructed off was not suitable for human implantation.

e. Failure to use reasonable care in manufacture of its product to eliminate unreasonable risk of foreseeable injury, replacement risk of foreseeable injury, replacement and additional surgery.

f. Failure to properly manufacture the product according to its intended use.

30. As a direct and proximate result of the negligence on the part of Defendant, C. R. BARD, INC., Plaintiff, JAMES O. WEEKS suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life,

7

aggravation of a pre-existing condition, expense of hospitalization and medical and nursing care and treatment.

31. Plaintiff's losses are either permanent or continuing and will continue in the future.

Wherefore, Plaintiff, JAMES O. WEEKS, demands judgment for damages, costs and interest as permitted by law.

## COUNT FOUR

## STRICT LIABILITY IN THE MANUFACTURE AGAINST C. R. BARD, INC.

32. Plaintiff adopts and re-alleges paragraphs 1 through 14.

33. The Bard Ventralex 4.3 cm Hernia Patch, Lot ███████, Serial Number ███████ described herein is a manufactured product.

34. Defendant, C. R. BARD, INC. was the manufacturer and distributer of the Bard Ventralex 4.3 cm Hernia Patch, Lot ███████, Serial Number ███████ placed inside the Plaintiff's body.

35. The Bard Ventralex 4.3 cm Hernia Patch, Lot ███████, Serial Number ███████ was defective in manufacture for its prescribed and intended use as it failed to repair the hernia and will result in additional surgeries to Plaintiff

36. Such defect was not reasonably noticeable to the user so as to warrant avoidance of use.

37. The Bard Ventralex 4.3 cm Hernia Patch, Lot ███████, Serial Number ███████ placed in Plaintiff's body was defective and unreasonably dangerous condition at the

8

time as the product is made out of materials which are biologically incompatible with human tissue and react negatively which caused Plaintiff to have acute pain and undergo additional surgeries.

38. As a direct and proximate result of the defective and unreasonably dangerous condition of the Bard Ventralex 4.3 cm Hernia Patch, Lot ▇▇▇▇, Serial Number ▇▇▇▇ did not work properly in that the product which is biologically incompatible with human tissue, failed to adhere, causing injuries, additional invasive surgery, pain and damages to the Plaintiff.

39. As a direct and proximate result of the defective and unreasonably dangerous condition of the Bard Ventralex 4.3 cm Hernia Patch, Lot ▇▇▇▇, Serial Number ▇▇▇▇ the Plaintiff suffered great bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization, medical and nursing care and treatment.

Wherefore, Plaintiff, JAMES O. WEEKS, demands judgment against the Defendant, C. R. BARD, INC. for damages, costs and interest as permitted by law.

Dated, this 21st day of May, 2018.

Respectfully submitted by,

Jonathan I. Rotstein, Esquire
Law Offices of Rotstein & Shiffman, LLP

        309 Oakridge Boulevard, Suite B
        Daytona Beach, Florida 32118
        (386) 252-5560 (ddw)
        (386) 238-6999 fax
        s.carter@rotstein-shiffman.com
        l.bonner@rotsetin-shiffman.com
        t.dallarosa@rotstein-shiffman.com
        Florida Bar No. 0909580
        Attorney For Plaintiff



10